**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 16-cv-01138-MSK

**SAMUEL V. MARTINEZ,**

    Applicant,

v.

**TRAVIS TRANI, Co. State Penitentiary, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,**

    Respondents.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION AND DENYING
PETITION FOR WRIT OF *HABEAS CORPUS***
_____

**THIS MATTER** comes before the Court pursuant to Mr. Martinez's Objections **(# 58)** to the Magistrate Judge's Recommendation **(# 55)** that Mr. Martinez's Amended Petition **(# 21)** for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 be denied.

## **FACTS**

The Recommendation recites the pertinent facts and Mr. Martinez has not lodged any objection to the accuracy of that recitation. Accordingly, the Court adopts the Recommendation's factual summary and recaps it only briefly here.

In 2007, Mr. Martinez was arrested for allegedly robbing a gas station. During an interview with police, which was recorded on video, Mr. Martinez was shown surveillance photos of the robber, to which he responded "damn." He nodded his head when asked if he had done it because of drugs, and he then asked to speak to an attorney.

Mr. Martinez was charged with two counts of armed robbery and four counts of being a habitual criminal. He proceeded to trial. At trial, a portion of the video interview was played for the jury, and during closing arguments, Mr. Martinez's counsel argued to the jury that they should discount what Mr. Martinez said or did during the interview, noting that the police failed to ask him important questions to clarify what he meant by his statements or actions. In rebuttal argument, the prosecution argued that "there's something else missing [from the video]":

> [Mr. Martinez] looking at Detective Dawson and Detective Withe saying "you guys are nuts. Are you kidding me? That wasn't me. This wasn't me. I wasn't there. I didn't do this." That's not how [Mr. Martinez] replied when he was confronted.

The prosecutor continued, addressing a defense argument as to why Mr. Martinez would have agreed to participate in the video interview if he was truly guilty: "[he] was curious. [He] wanted to know what do you have on me. . . That's why he's not screaming 'This wasn't me.'"

Mr. Martinez was convicted on all counts and sentenced as a habitual criminal to 64 years in prison. He exhausted his appeals to the Colorado Court of Appeals and Colorado Supreme Court. He then filed the instant Amended Petition **(# 21)** for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. As pertinent here, only two of his claims were found to be exhausted and properly before the Court: (i) that the State violated his rights under the Fifth Amendment by commenting upon his silence during the video interview; and (ii) that he received ineffective assistance of trial counsel, insofar as counsel never advised him of the potential sentence he faced on the habitual criminal charges, such that he would have sought a plea deal instead of going to trial.

The Court referred Mr. Martinez's Amended Petition to the Magistrate Judge for a Recommendation. The Magistrate Judge recommended **(# 55)** that the Petition be denied. Specifically, the Magistrate Judge found: (i) as to the Fifth Amendment claim, the Colorado

Court of Appeals reasonably applied federal law in determining that Mr. Martinez had not yet invoked his Fifth Amendment rights during the time period at issue and in concluding that Mr. Martinez's own closing argument opened the door to commentary on what occurred (or didn't) during the interview; and (ii) as to the ineffectiveness claim, the Colorado Court of Appeals reasonably applied federal law in concluding that Mr. Martinez could not show prejudice from any error by counsel, insofar as there was no indication that a plea offer was ever made or that the court would have been likely to accept any plea deal.

Mr. Martinez filed timely Objections **(# 55)** to the Recommendation. His particular arguments are fairly brief and highly generalized. He argued that "this persuasive district attorney" raising the issue of his silence during the interview must certainly "have [had] an immediate effect with human emotion," and questioned how one could conclude that "this tactic . . . did not affect the outcome of the trial." As to the ineffectiveness claim, he suggested that his trial counsel be called upon to testify "that he misinformed me of what possible outcomes I faced." Mr. Martinez also made a request that he be given "the opportunity to refile my 35(c) post conviction motion that [his prior counsel] submitted without conferring with me," suggesting that "there are many issues of relevance that were not raised."

## ANALYSIS

### A. Standard of review

The Court reviews the objected-to portions of the Recommendation *de novo*. Fed. R. Civ. P. 72(b).

The Court finds no error in the Magistrate Judge's recitation of the standards governing *habeas* review, and this Court incorporates that recitation herein. It is sufficient to note that this Court considers only whether the state appellate court unreasonably applied the controlling

federal law or whether the state court made an unreasonable error in ascertaining the pertinent facts. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. § 2254(d)(1), (2).

**B. Fifth Amendment claim**

The record reflects that Mr. Martinez was given a *Miranda* advisement at the beginning of the hearing, but he did not immediately invoke that right. *See generally Minnesota v. Murphy*, 465 U.S. 420 (1984) (defendant must expressly invoke Fifth Amendment privilege if he intends to rely on it). Instead, he responded to questions and comments by the police, including saying "damn" when he was shown surveillance photos and nodding his head when asked if he had done the robbery because of drugs. Only thereafter did he request an attorney, thus invoking his right to remain silent.

Both the trial court and the Colorado Court of Appeals understood that the comments made by the prosecution at trial were referring not to Mr. Martinez's silence <u>after</u> he invoked his Fifth Amendment rights, but to that period of time <u>before</u> he invoked those rights. In other words, the prosecution was observing that, during the time that Mr. Martinez <u>was</u> speaking to them, he was not proclaiming his innocence. The trial court stated "the comments you raise issue with [were] prior to his invoking his right to counsel. . . [The District Attorney] did not make any comments as to what occurred . . . after he had invoked his right to counsel." Likewise the Court of Appeals characterized the comments as addressing "the time between his waiver [of his right to remain silent] and his invocation of his right to counsel." Nothing in the record – and certainly no argument by Mr. Martinez – suggests that these factual findings are incorrect or unreasonable, and thus, the Court adopts them.

Having done so, the outcome of this claim is obvious. The comments by the prosecution during closing argument did not relate to a period of time in which Mr. Martinez was resting on

his Fifth Amendment rights, and thus, they were not comments directed at Mr. Martinez's invocation of his rights. Rather, they were comments about how, when Mr. Martinez did chose to speak to police, he spoke of other things but did not assert his innocence. Commenting on what Mr. Martinez did or did not say during the period of time he was voluntarily speaking with police does not implicate his subsequent decision to invoke his Fifth Amendment rights, and the Recommendation properly concludes that this claim is without merit.

### C. Ineffective assistance claim

To state a claim for ineffective assistance, Mr. Martinez must show both that his trial counsel's performance fell below the standard of objective reasonableness <u>and</u> that such ineffectiveness was prejudicial to the defendant's interests. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because Mr. Martinez must establish both prongs of the *Strickland* test, the Court need only consider the prejudice prong here, as it finds that Mr. Martinez has not established that prong.

To demonstrate that counsel's errors have been prejudicial, Mr. Martinez must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Newmiller v. Raemisch*, 877 F.3d 1178, 1197 (10th Cir. 2017). Where, as here, the alleged ineffectiveness of counsel concerned a plea offer, Mr. Martinez must demonstrate prejudice by showing that, but for his counsel's errors, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted it, and that the sentence under the offer's terms would have been less severe than the sentence that was actually imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

The Colorado Court of Appeals expressly applied *Lafler*. It noted that the trial court found that Mr. Martinez had not shown that the prosecution ever even offered him a plea deal.

Neither Mr. Martinez's Petition nor his Objections challenge this factual finding, and thus, this Court adopts it. The absence of any plea offer is fatal to Mr. Martinez's attempt to show that any ineffectiveness by his counsel was prejudicial: Mr. Martinez cannot have been prejudiced by his counsel failing to advise him of a plea offer if no such offer ever existed. The state court's application of *Lefler* to the facts here was in no way unreasonable, and this alone requires denial of this claim.

The state courts also determined that, even if Mr. Martinez had shown that a plea offer would have been made, he could not show that the trial court would have accepted such a deal. The trial court commented that, given Mr. Martinez's criminal history – including four prior felonies (three for armed robbery) and a previous 25-year sentence as a habitual criminal – it would not have accepted any plea deal that "would have been substantially less severe than [the] sentence that in fact [was] imposed." Once again, this is a factual finding by the state court that Mr. Martinez does not challenge and the Court therefore adopts. Although the state Court of Appeals did not apparently reach this alternative ground – it recognized the trial court's statement, but noted that "because there was no offer, there is nothing with which to compare [Mr. Martinez's] conviction and sentence" – this Court would find that *Lefler* compels the conclusion that Mr. Martinez has not demonstrated prejudice. *Lefler* requires a defendant to show that the trial court would have accepted a proposed plea agreement and imposed a lesser sentence, and here, it is undisputed that the trial court expressly stated that it would not have done so even if a plea offer had been extended. Accordingly, this claim by Mr. Martinez is without merit.

### D. Remaining matters

The Court pauses briefly to comment upon Mr. Martinez's request in his Objections that he be allowed to file a renewed Rule 35(c) motion in the state court to raise (and thereby exhaust) additional claims. This Court has no jurisdiction over whether, when, and to what extent Mr. Martinez files motions in the state court, and thus, it does not purport to give any authorization or advice to Mr. Martinez on that point.

This Court does observe that, even if Mr. Martinez were to file another Rule 35(c) motion in state court and exhaust additional claims, his ability to raise those claims in a new § 2254 *habeas* petition in federal court would face several obstacles. Such a petition would likely be considered a "second or successive" petition, subject to the strict requirements of 28 U.S.C. § 2244(b)(2) and (3)(a). Moreover, it is likely that such a petition would also be rejected as untimely pursuant to 28 U.S.C. § 2244(d). Mr. Martinez's conviction became final, for purposes herein, in or about 2011 when the Colorado Supreme Court declined certiorari. Thus, he had one year, until 2012, to file a timely *habeas* petition. Although 28 U.S.C. § 2244(d)(2) provides that the one-year period is tolled "during which a properly-filed application for State post-conviction [review]" is pending, it is clear that Mr. Martinez is contemplating an application for state post-conviction review that has yet to be filed. Thus, he would be unable to avail himself of the toll provided by § 2244(d)(2), making any future petition almost certainly untimely.

## **CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Mr. Martinez's Objections **(# 58)** and **ADOPTS** the Recommendation **(# 55)**. Mr. Martinez's Amended Petition **(# 21)** is **DENIED**. The Court has further considered the standards of *Slack v. McDaniel*, 529 U.S. 473 (2000) and 28 U.S.C. § 2253(c) and concludes that Mr. Martinez has not made a substantial

showing of the denial of a constitutional right, and the Court therefore denies a Certificate of Appealability. The Clerk of the Court shall close this case.

Dated this 25th day of January, 2018.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge